AO 120 (Rev. 08/10)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____Middle District of Florida_____ on the following

☐ Trademarks or  ☒ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>8:19-cv-2771-T-30TGW | DATE FILED<br>November 7, 2019 | U.S. DISTRICT COURT<br>Middle District of Florida |
|---|---|---|
| PLAINTIFF<br><br>MARIE BUTLER | | DEFENDANT<br><br>BOB GUALTIERI, et al. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  See attached complaint | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgment issued:

DECISION/JUDGMENT

| CLERK<br><br>ELIZABETH M. WARREN | (BY) DEPUTY CLERK<br><br>Whitney Duppins | DATE<br><br>November 8, 2019 |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

GUSHILL INDUSTRIES, INC.,
a California corporation,

    Plaintiff,

vs.                                                             Case No.:

PROVEN INDUSTRIES, INC., a Florida
corporation, RONALD JAMES LEE II,
an Individual, and DOES 1-20,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND
## INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL

    Plaintiff GusHill Industries, Inc., a California corporation, hereby files its Complaint for Injunctive Relief and Damages against defendants Proven Industries, Inc., a Florida Corporation, Ronald James Lee II, an individual, and DOES 1-20 and alleges:

### NATURE OF ACTION

    1.    This is action for patent infringement under the United States Patent Law, 35 U.S.C. § 271, *et. seq.*

### PARTIES

    2.    Plaintiff GusHill Industries, Inc. ("GusHill") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 2511 Carson Way, Sacramento, CA 95821.

    3.    GusHill is a corporation engaged in the manufacture, sale, and marketing of trailer hitch locks in the United States.

    4.    On information and belief, defendant Proven Industries, Inc. ("Proven

Industries") is a company organized and existing under the laws of the State of Florida, with its principal place of business at 2225 S Dock Street, Tampa, FL 34221.

5. On information and belief, defendant Ronald James Lee II ("Ronald Lee") is an individual residing in Apollo Beach, County of Hillsborough, Florida.

6. On information and belief, Defendant Ronald Lee is and has been an officer, director, principal, shareholder, and employee of Proven Industries.

7. On information and belief, Defendant Ronald Lee controls, operates, and is responsible for the day-to-day operations of Proven Industries, including its infringing activities.

8. GusHill does not know the true names and capacities of those defendants sued as DOES 1-20 (the "Doe Defendants") and therefore sue them under fictitious names. On information and belief, the Doe Defendants have participated in the scheme at issue in this Complaint, including by directing, aiding, and/or assisting the named Defendants in connection with the infringing acts alleged herein. GusHill is unable to identify all such Doe Defendants by name because Defendants have obscured the identity of the specific individuals and entities that have directed or otherwise participated in the infringing acts. GusHill will amend this Complaint to allege the true names and capacities of these Doe Defendants when they are ascertained.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant Proven Industries is a corporation subject to personal jurisdiction in this District and is therefore deemed to reside in this District under 28 U.S.C. § 1391(c). Venue is also proper in this District under 28 U.S.C. § 1391(b) because, upon information and belief, Proven Industries has transacted significant business in this District, and committed and/or induced acts of patent infringement giving rise to this suit in this District, including by the sale of infringing products here.

11. Venue is proper over Ronald Lee in this District in that the venue provisions for an infringing corporation, such as Proven Industries, which are set forth in 28 U.S.C. §§ 1391 and 1400, apply equally to corporate employees, officers, directors, owners, and/or principals who direct and control the infringing conduct of a corporation.

12. The Court has personal jurisdiction over Proven Industries because it has maintained certain minimum contacts with the State of Florida such that the exercise of jurisdiction over Proven Industries would not offend traditional notions of fair play and substantial justice. As alleged herein, Proven Industries has transacted significant business and committed and/or induced acts of patent infringement giving rise to this suit in this State.

13. The Court has personal jurisdiction over Defendant Ronald Lee because during relevant periods of infringement, Ronald Lee: (1) operated, conducted, engaged in, or carried on a business or business venture in the State of Florida; (2) committed tortious acts of direct and indirect infringement within the State of Florida; (3) committed tortious acts of direct and indirect infringement causing injury within the State of Florida; (4) is or was the energy and mastermind behind Proven Industries' infringing activities in the State of Florida,

including actively and knowingly aiding and abetting Proven Industries' infringement; (5) has or had ultimate decision –making authority for, and control over, the importing, design, manufacture, sale, and offers for sale of infringing products; and/or (6) owns property within the State of Florida.

14. Defendant Ronald Lee had knowledge that Plaintiff asserted claims of patent infringement against the products he was responsible for designing, manufacturing, selling and offering to sell in this district.

15. Upon information and belief, Ronald Lee is responsible for Proven Industries' sales and offers to sale of infringing products in the State of Florida and throughout the United States, including but not limited to, direct sales, as well as indirect sales.

## PLAINTIFF AND ITS PATENT RIGHTS

16. GusHill was the exclusive licensee of United States Patent No. 6,244,614 (the "'614 Patent") entitled "Trailer Hitch Lock," which is valid and subsisting. The '614 Patent issued on June 12, 2001. A true and correct copy of the '614 Patent is attached hereto as Exhibit A.

17. The term of the '614 Patent ends on November 3, 2019.

18. In 1999, Gary J. Bonvillain and Herbert P. Stanley conceived of a unique and innovative device used for securing trailer hitch locks. The device secures a trailer hitch's lock to prevent the removal or tampering of the lock by thieves. This device features a plate attached to a ball to be secured in the ball socket of the hitch. A housing shaped to enclose the exposed end of the hitch tongue is slipped over the plate. A tang comprising an eye, extends from the plate and protrudes into a recess on the housing. A lock is inserted into the

recess and actuated with a key to insert the bolt through the eye. With the key removed and the lock imbedded in the recess, no part of the security system is accessible to tampering.

19. On or about November 3, 1999, Gary J. Bonvillain and Herbert P. Stanley filed the utility patent application entitled "Trailer Hitch Lock" from which the '614 Patent would issue.

20. Gary J. Bonvillain and Herbert P. Stanley were the inventors of the '614 Patent.

21. Gary J. Bonvillain and Herbert P. Stanley initially granted GusHill the exclusive license to practice and enforce the '614 Patent and later assigned GusHill the '614 Patent.

22. On or about September 27, 2016, Gary J. Bonvillain and Herbert P. Stanley assigned the '614 Patent to GusHill.

23. GusHill is the owner of the '614 Patent.

24. GusHill has complied with the statutory requirement of placing a notice of the Letters Patent on the devices it manufactures and sells as required by 35 U.S.C. § 287.

25. GusHill is a corporation engaged in the manufacture, sale, and marketing of trailer hitch locks in the United States.

26. Some of GusHill's most popular products are the Bull and the Shield trailer hitch locks, both of which practice the '614 Patent.

27. GusHill markets its products nationwide, including through online marketing via its website https://www.gushill.com. Copies of product information pages for GusHill's Bull and Shield trailer hitch locks products are attached hereto as Exhibits B and C.

28. Proven Industries also manufactures, markets, offers, distributes, and sells trailer hitch locks.

29. Among the products manufactured and sold by Proven Industries are trailer hitch locks marketed under the brand Proven Industries which practices the '614 Patent, and further are substantially similar, and in fact nearly identical, to GusHill's trailer hitch locks.

30. On information and belief, Defendants participate and cooperate with each other in concert to make, market, advertise, promote, offer, provide, and sell the said infringing trailer hitch lock products, such that each is jointly and severally liable for the actions of the other in respect of the infringements alleged herein. Additionally, on information and belief, Defendants have induced each other to commit the unlawful acts relating to infringement of the '614 Patent alleged herein, including without limitation by directing and instructing the other Defendants to make, market, advertise, promote, offer, provide, and sell the infringing trailer hitch lock products, including in the State of Florida, within this District, and elsewhere in the United States. Each Defendant is thus liable for the unlawful conduct of the Defendants described herein.

**FIRST CLAIM FOR RELIEF**

**DIRECT INFRINGEMENT (ALL DEFENDANTS)**

31. Plaintiff restates all of the preceding paragraphs as if fully set forth herein.

32. Upon information and belief, Defendants have been and are now infringing at least Claim 1, Claim 4, and Claim 7 of the '614 Patent in the State of Florida, in this judicial district, and elsewhere in the United States in violation of 35 U.S.C. § 271(a) by, among other things, making, using, selling, or offering for sale trailer hitch locks, including without

limitation, at least the following Proven Industries products:

    a. Model 2178: https://www.provenlocks.com/products/model-2178

    b. Model 2178-A: https://www.provenlocks.com/products/model-2178-a

    c. Model 2178-B: https://www.provenlocks.com/products/model-2178-b

    d. Model 2178-E: https://www.provenlocks.com/products/model-2178-e

    e. Model 2178-U: https://www.provenlocks.com/products/model-2178-u

    f. Model 2516: https://www.provenlocks.com/products/model-2516

    g. Model 2516-A: https://www.provenlocks.com/products/model-2516-a

    h. Model 2516-AS: https://www.provenlocks.com/products/model-2516-as

    i. Model 2516-B: https://www.provenlocks.com/products/model-2516-b

    j. Model 2516-B2: https://www.provenlocks.com/products/model-2516-b2

    k. Model 2516-E: https://www.provenlocks.com/products/model-2516-e

    l. Model 2516-J: https://www.provenlocks.com/products/model-2516-j

    m. Model 2517-B: https://www.provenlocks.com/products/2517-b_

These products are collectively referred to herein as the "Accused Devices."

33.    Each of the Accused Devices at the very least includes: a trailer anti-theft locking apparatus comprising of a) a ball for insertion into the socket of the trailer hitch, the ball having a base plate attached thereto, the base plate having a tang projecting therefrom whereby the tang has a lock engaging surface thereon; b) a housing with an open end to receive said trailer hitch and said base plate, the housing having a hole in an opposite end to receive said tang, the hole opening into a tubular extension extending a selected distance from said opposite end; and c) a lock to be received into said tubular extension, having key

operated means to releasably engage and secure said lock engaging surface, covered by Claim 1 of the '614 Patent, to the injury of GusHill. Defendants are directly infringing the '614 Patent pursuant to 35 U.S.C. § 271(a).

34. Further, each of the Accused Devices also at the very least includes: a trailer anti-theft locking apparatus comprising of a) a ball for insertion into a socket of a trailer hitch, the ball having a base plate attached thereto, the base plate having a tang projecting therefrom whereby the tang has a transverse hole therein; b) a housing with an open end to receive said trailer hitch and said base plate, the housing having a hole in an opposite end to receive said tang, the hole opening into a tubular extension extending a selected distance from said opposite end; and c) a lock to be received into said tubular extension, having a key operated transversely movable shot bolt to retractably extend into said transverse hole, covered by Claim 4 of the '614 Patent, to the injury of GusHill. Defendants are directly infringing the '614 Patent pursuant to 35 U.S.C. § 271(a).

35. Even further, each of the Accused Devices also at the very least includes: anti-theft trailer hitch lock for a ball and socket type trailer tongue, comprising: a ball for insertion into said socket, the ball having a base plate attached thereto, an open ended box housing with a longitudinal dimension for enclosing said base plate and an exposed end of said tongue, said housing having a closed end with an opening therein, the opening extending into the bore of a tubular extension attached to and projecting some distance from said housing, the tubular extension adapted to receive a key operated lock, a tang attached to said base plate, the tang extending through said opening and having a transverse hole therein to receive a retractable key actuated shot bolt movably attached to said lock, covered by Claim

7 of the '614 Patent, to the injury of GusHill. Defendants are directly infringing the '614 Patent pursuant to 35 U.S.C. § 271(a).

36. As president and director, defendant Ronald Lee is responsible for Proven Industries' day-to-day operations.

37. Defendant Ronald Lee was aware of the '614 Patent and the infringing activities since at least February 21, 2019, when GusHill's counsel sent Proven Industries a formal notice and demanded that Proven Industries cease and desist the infringing conduct.

38. Between about March 2019 through about September 2019, the parties engaged in correspondence, both written and telephonic, in an effort to resolve the dispute between them. In one telephonic conversation, Ronald Lee informed GusHill's counsel that he had no intention to pay damages for infringement, and that if GusHill pursued litigation, defendants would default and Ronald Lee would shutter Proven Industries.

39. Defendants declined to GusHill's settlement terms and did not take a license from GusHill. Instead, defendants continue to sell and offers to sell infringing products through Proven Industries without authority or license from Plaintiff.

40. Proven Industries is engaged in the same type of business as, and is a competitor of, GusHill. Both GusHill and Proven Industries are engaged in the manufacture, sale, and marketing of trailer hitch locks in the United States.

41. Both Proven Industries and GusHill market and sell trailer hitch locks through the same or similar channels of commerce.

42. GusHill has been damaged and continues to be damaged as a result of the infringing conduct by Defendants as alleged herein. Thus, Defendants are liable to GusHill

in an amount that adequately compensates GusHill for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43. GusHill and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

44. Defendants' acts of infringement have caused and will continue to cause GusHill irreparable harm for which there is no adequate remedy at law. Unless enjoined, Defendants will continue the infringing conduct and continue to cause irreparable injury to GusHill.

45. Despite notice of the '614 Patent, Defendants willfully and knowingly infringe by continuing to manufacture, sale, and market trailer hitch locks in the United States.

46. Defendants have willfully and knowingly infringed the '614 Patent by advising and counseling their customers regarding the use and sale of infringing products.

## SECOND CLAIM FOR RELIEF

## INDUCED INFRINGEMENT (ALL DEFENDANTS)

47. Plaintiff restates all of the preceding paragraphs as if fully set forth herein.

48. On information and belief, Defendants have also induced others to infringe one or more claims of the '614 Patent in violation of 35 U.S.C. § 271(b). Defendants have induced infringement by their distributors and retailers who are selling, using, importing, exporting, providing, supplying, distributing, and/or offering the Accused Devices, which directly infringe upon the '614 Patent, as alleged hereinabove. On information and belief,

Defendants have encouraged the infringing conduct of their distributors and retailers with knowledge and in disregard of the '614 Patent, and with intent that the intellectual property rights of GusHill be infringed.

49. The inducement to infringement by Defendants has been and is intentional, deliberate, and willful.

50. Defendants' actions with respect to the '614 Patent is without authority or license from Plaintiff.

51. As a result of Defendants' infringing activities, GusHill has sustained, and continues to sustain, damages in an amount to be proven at trial. GusHill is further entitled to collect pre-filing damages for the full period allowed by law.

52. Defendants' acts of inducement to infringement have caused and will continue to cause GusHill irreparable harm for which there is no adequate remedy at law. Unless enjoined, Defendants will continue their infringement and cause further irreparable injury to GusHill.

## **PRAYER FOR RELIEF**

WHEREFORE, GusHill prays for relief as follows:

A. For a judgment in favor of GusHill that Defendants have infringed the '614 Patent;

B. For an injunction pursuant to 35 U.S.C. § 283 preliminarily and permanently enjoining the Defendants, each of them, and their officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, selling, offering for sale, using, and/or exporting or importing

any devices that infringe the '614 Patent, and otherwise from directly or indirectly committing or inducing to further acts of infringement of the '614 Patent;

C.      For a judgment and order requiring that Defendants pay to GusHill its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '614 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

D.      For a judgment and finding that Defendants' infringement and inducement to infringement are intentional and willful and that this is an exceptional case, and awarding treble damages, reasonable attorneys' fees, and costs to GusHill as permitted by 35 U.S.C. §§ 284-285;

E.      For an order and judgment sustaining each of the causes of actions set forth herein against Defendants, and requiring Defendants to pay all damages and monetary relief as allowed under law or as may be sought by GusHill according to proof at trial.

F.      For any and all other relief as the Court deems just and reasonable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, GusHill hereby demands a trial by jury on all issues raised by the Complaint.

Dated:  November 7, 2019                                Respectfully Submitted,

/s Jonathan Woodard
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Meredith Frank Mendez
Florida Bar No. 502,235

mmendez@malloylaw.com
Jonathan R. Woodard (Trial Counsel)
Florida Bar No. 96,553
jwoodard@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone: (305) 858-8000
Facsimile: (305) 858-0008
*Local Counsel for Plaintiff*
*GusHill Industries, Inc.*

and

Kevin Viau, CA Bar No. 275556
kviau@iplg.com
Leila Sockolov, CA Bar No. 282946
lsockolov@iplg.com
**Intellectual Property Law Group LLP**
1871 The Alameda, Suite 250
San Jose, California 95126
Telephone: (408) 286-8933
Facsimile: (408) 286-8932
\**Pro Hac Vice* pending
*Lead Counsel for Plaintiff*
*GusHill Industries, Inc.*