UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:19-cv-02770-SDM-AEP

GUSHILL INDUSTRIES, INC.,
a California Corporation

        Plaintiff,

vs.

PROVEN INDUSTRIES, INC.,
a Florida Corporation, RONALD JAMES
LEE II, an individual, and DOES 1-20,

        Defendants.        /
_____

## DEFENDANTS' MOTION TO DISMISS COMPLAINT AND STRIKE REQUEST FOR INJUNCTIVE RELIEF

Defendants, Proven Industries, Inc. ("Proven Locks") and Ronald James Lee II, hereby respectfully move to dismiss Plaintiff, GusHill Industries, Inc.'s Complaint for failure to state a claim under Fed. R. of Civ. P. 12(b)(6) and to strike Plaintiff's request for injunctive relief under Rule 12(f)(2) and in support thereof state:

### I. INTRODUCTION AND SUMMARY OF MOTION

Plaintiff's Complaint seeks both damages and an injunction based on certain alleged conduct that it purports infringed upon an expired patent. For reasons unknown, Plaintiff has made the case personal, seeking to hold Proven's corporate director, Mr. Lee, individually liable. However, as discussed in detail below, the Complaint fails to state a claim upon which any relief may be granted. Specifically, the allegations of patent infringement are not properly pled in accordance with the *Twombly*/*Iqbal* standard and Florida district court legal authority and are insufficient to plead personal liability against Mr. Lee. Additionally, the claim for injunctive relief

1

in connection with an expired patent is inappropriate. This Court should dismiss the Complaint and strike Plaintiff's request for injunctive relief.

## II.　FACTUAL ALLEGATIONS

The following allegations are made in the Complaint and, for purposes of this Motion only, are taken to be true: Proven Locks manufactures, markets, distributes and sells trailer hitch locks. (Compl. ¶ 28). Mr. Lee is its president and director. (Compl. ¶ 36). Plaintiff is a corporation supposedly engaged in the manufacture, sale, and marketing of trailer hitch locks in the United States. (Compl. ¶ 25).

The patent in question is U.S. Patent No. 6,244,614 (the "'614 Patent"), titled "Trailer Hitch Lock," consisting of 9 Claims. (Compl. ¶ 16). The '614 Patent issued on June 12, 2001. (Compl. ¶ 16). The term of the '614 Patent <u>expired on November 3, 2019</u>. (Compl. ¶ 17).

The Complaint alleges two causes of action against both Defendants: (i) direct infringement of the '614 Patent based on Proven Lock's manufacture and sale of its products (Compl. ¶ 32); and (ii) inducement of infringement of the '614 Patent based on Proven Lock's distributors and retailers' sale and distribution of its products that supposedly infringe the '614 Patent. (Compl. ¶ 48).

Plaintiff seeks an injunction against Proven Locks under 35 U.S.C. § 283 to prevent it from manufacturing, selling, marketing, and distributing any products that practice the '614 Patent. (Compl. ¶ B). Plaintiff also claims that Mr. Lee directly and indirectly induced others to infringe upon the '614 Patent and should be held personally liable for these actions. (Compl. ¶¶ 45;48-49).

### III. LEGAL ARGUMENT

A pleading stating a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As most district courts have interpreted it, the "existing pleading standards" are those set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See also Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012); *Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008).

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. It also requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* at 678 (citations omitted).

### A. Plaintiff Fails to State a Claim Upon Which Relief May be Granted Against Mr. Lee for Personal Liability

"A corporation is a legal entity existing separate and distinct from its shareholders, officers and directors, who as a general rule are not liable for the corporation's debts and obligations." *FMC Fin. Corp. v. Murphee*, 632 F.2d 413, 421 (5th Cir. 1980). *"*When a plaintiff seeks to impose personal liability for patent infringement on an officer of a corporation, a district court must start from the general rule that the corporate entity should be recognized and upheld unless specific, unusual circumstances call for an exception.*" Blue Water Innovations, LLC v. Fettig,* No. 18-

60671, 2019 WL 1904589 at *6 (S.D. Fla. March 8, 2019) (citing *Exigent Tech., Inc. v. Radiant Telecom, Inc.*, No. 04-22140, 2005 WL 8154987, at *2 (S.D. Fla. Dec. 5, 2005)).

> i. **The Complaint does not set forth a sufficient factual basis to hold Mr. Lee personally liable for direct patent infringement.**

The "'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego,'" *Wordtech Sys., Inc. v. Integrated Network Sols.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010), or "unusual circumstances justify disregarding the corporate structure." *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1331 (Fed. Cir. 1999); *see Mayo Clinic Jacksonville v. Alzheimer's Institute of America, Inc.*, 683 F. Supp. 2d 1292, 1299-1300 (M.D. Fla. 2009) ("Personal liability for direct infringement may exist for a corporate officer if the facts warrant disregarding the corporate form, or 'piercing the corporate veil.'"). "Unusual circumstances" exist when an officer is acting outside the legitimate business interest of the corporation. *Id.; see also Blue Water Innovations, LLC,* No. 18-60671, 2019 WL 1904589 at *6.

"Patent infringement is a tort." *Mars, Inc. v. Coin Acceptors, Inc.,* 527 F.3d 1359, 1365 (Fed. Cir. 2008). Generally, "a corporate officer is personally liable for his tortious acts, just as any individual may be liable for a civil wrong." *Hoover Group, Inc. v. Custom Metalcraft, Inc.,* 84 F.3d 1408, 1411–12 (Fed. Cir. 1996). However, when the officer's alleged wrongful conduct is done at the direction of the corporation and part of the corporation's legitimate business, the officer is protected from personal liability. *See Mayo Clinic Jacksonville,* 683 F.Supp.2d at 1300 ("An officer is personally liable for wrongful conduct on behalf of the corporation if 'personal wrongdoing is not supported by legitimate corporate activity.'") (quoting *Hoover,* 84 F.3d at 1411 (noting the distinction between torts committed in the course of an officer's employment and other

culpable wrongful acts).) For example, where an officer possesses the specific intent to aid and abet another's direct infringement, the officer may be personally liable for infringement because the conduct is outside the scope of the corporation's legitimate business interests. *Water Tech. Corp. v. Calco, Ltd.,* 850 F.2d 660, 668 (Fed. Cir. 1988).

Plaintiff alleges, in conclusory fashion, that Mr. Lee has "committed tortious acts of direct and indirect infringement." (Compl. ¶¶ 13, 36, 48). But Plaintiff has not come even close to alleging facts sufficient to hold Mr. Lee personally liable for the acts of Proven Locks. Specifically, there are no facts alleged that Mr. Lee engaged in conduct that was not done at the direction of the corporation and part of the corporation's legitimate business. *See Mayo Clinic*, *supra*. Nor are there any facts alleging that he had "the specific intent to aid and abet another's direct infringement." *See Water Tech, supra*. In sum, there are no facts suggesting, let alone establishing, that the corporate shield should be disregarded or pierced, or that there are "unusual circumstances" justifying a claim of personal liability for patent infringement against Mr. Lee.

Plaintiff's lone factual assertions against Mr. Lee are that he: a) stated during a telephonic conversation "he had no intention to pay damages for infringement, and that if GusHill pursued litigation, defendants would default and Ronald Lee would shutter Proven Industries," and; b) was aware of the '614 Patent and the parties had discussions regarding potential licensing after GusHill notified Proven of its patent infringement allegations. (Compl. ¶¶ 37-39). But these statements, even if true, do not establish that Mr. Lee was acting outside the scope of legitimate corporate activity. There is simply nothing "unusual" about these circumstances that give rise to personal liability for patent infringement. Mr. Lee should be dismissed from Count I.

### ii. The Complaint does not set forth a sufficient factual basis to hold Mr. Lee personally liable for indirect patent infringement.

As previously discussed, a company's officers are shielded from personal liability for direct infringement unless the officer directly participated in the infringement and was acting outside the legitimate business interests of the corporation. *Wordtech Sys., Inc. v. Integrated Network Sols.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010); *Mayo Clinic Jacksonville v. Alzheimer's Institute of America, Inc.,* 683 F.Supp.2d 1292, 1299-1300 (M.D. Fla. 2009). The corporate veil similarly protects corporate officers from liability for indirect infringement unless the officer participated personally in the infringing activity. *Orthokinetics, lnc. v. Safety Travel Chairs, Inc*., 806 F.2d 1565 (Fed. Cir. 1986) ([I]t is well settled that corporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement under § 271(b) regardless of whether the corporation is the alter ego of the corporate officer."); See also *Wordtech Sys., Inc,* 609 F.3d at 1313 (corporate structure does not shield officers from liability for personally participating in contributory patent infringement).

There are no allegations in the Complaint describing conduct by which he actively aided or abetted anyone to infringe the subject patent. Plaintiff's allegations are "based on information and belief" and recite the general legal standard required to plead indirect inducement. Beyond these generic and broad statements, i.e. conclusions, Plaintiff offers no supporting facts which would link Mr. Lee to the indirect infringement alleged. Count II against Mr. Lee should also be dismissed.

  **B.**  **The Complaint Fails to Properly Allege Patent Infringement Because it Merely Regurgitates Claim Elements and Omits a Causal Link Between Claim and Accused Product.**

In order to state a claim for patent infringement, "the allegedly infringing product must practice all elements of a patent claim." *Blue Water Innovations, LLC v. Fettig,* No. 18-60671, 2019 WL 1904589, *2 (S.D. Fla. Mar. 8, 2019) (citing *Raptor, LLC v. Odebrecht Constr.*, No. 17-21509, 2017 WL 3503399 at *3 (S.D. Fla. June 22, 2017)). Thus, to satisfy even the minimum pleading requirements set forth by the U.S. Supreme Court, the patent owner must plead facts sufficient to permit the Court to infer that "every limitation set forth in a patent claim must be found in an accused product or process exactly or by a substantial equivalent." *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 648 F.Supp.2d 1294 (M.D. Fla. 2009)(citations omitted).

Since Form 18 of the Federal Rule of Civil Procedure was abrogated on December 1, 2015, courts have held that the *Iqbal/Twombly* pleading standard applies to patent infringement claims. *See e.g. Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, No. 0:16-CV-60693-UU, 2016 WL 6678525, at *2 (S.D. Fla. June 8, 2016) ("In light of the recent abrogation of Form 18 of the Federal Rules of Civil Procedure, a complaint alleging patent infringement must comply with *Iqbal* and *Twombly* to state a claim under Rule 12(b)(6).") (citation omitted); *Global Tech LED, LLC v. Every Watt Matters, LLC*, No. 15-CV-61933, 2016 WL 6682015, at *2 (S.D. Fla. May 19, 2016) ("However, certain amendments to the Federal Rules of Civil Procedure abrogating Form 18 took effect on December 1, 2015, and direct infringement claims 'are now subject to the pleading standards established by *Twombly* and *Iqbal*.'") (citation omitted).

In *Thermolife Int'l*, the court granted the defendants' motion to dismiss a direct patent infringement claim where the plaintiff alleged that the defendants "'have directly infringed and continue to directly infringe ... <u>one or more claims</u> of the '077 Patent' while, nevertheless, only

7

attaching to the Complaint an infringement chart detailing why claim 1 of the Patent was infringed." *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, 2016 WL 6678525, at *2 (emphasis in original). The court found that "Plaintiffs' Complaint, as currently pleaded, does not give Defendants fair notice—or any notice at all—as to patent infringement claims based on claims 2 or 3 of the Patent, and this is woefully insufficient to 'raise a right to relief above the speculative level.'" *Id*. (citing *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555).

In *Global Tech LED,* the court granted the defendants' motion to dismiss a willful direct infringement claim. Specifically, the plaintiff in that case claimed that the defendants infringed claims 1-8, 10, 12-20 of the '424 Patent by, at least, making, using, selling, or offering for sale, one or more of the Accused Products. Specifically, "Defendants ... have infringed, literally and under the doctrine of equivalents, claims 1-8, 10, 12-20 of the '424 Patent by using, making, selling, and offering to sell LED lamps, including one or more of the Accused Products, that read on the claims 1-8, 10, 12-20 as set forth in the '424 Patent." *Global Tech LED,* 2016 WL 6682015, at *3. The court found that "[a]lthough Plaintiff's allegations 'generally describe' the Accused Products and refer to the '424 patent claims [], Plaintiff *does not sufficiently tie any specific operation to a patent claim*, relying instead on the 'bare assertion' that Defendants infringe through the 'making, using, selling, or offering for sale, one or more of the Accused Products.'" *Id*. (emphasis added). Put another way, "[t]he Amended Complaint simply does not plead the elements of any representative claim or specify any claim requirements." *Id*. The court concluded that "[a]t most, Plaintiff has pled facts 'merely consistent with ... defendant[s'] liability,' insufficient to state a claim for willful direct patent infringement under the heightened standard." *Id*. (citations omitted).

Along these same lines, the court in *Blue Water Innovations, LLC v. Fettig, supra*, held:

> **[a]n allegation of direct patent infringement is insufficient** under *Twombly* and *Iqbal* **if it simply recites some of the elements of a representative claim and then describes generally how an accused product operates**, without specifically tying the operation to any asserted claim or addressing all of the claim requirements.

Id. at *2.

The Complaint in this case plainly runs afoul of the *Twombly/Iqbal* standard as explained in *Global Tech* and *Blue Water*. Specifically, Plaintiff merely recites each claim, *verbatim*, and states that the accused devices infringe. For example, the Complaint alleges that Proven Lock's models 2178, 2178-A, 2128-B, 2178-E, 2178-U, 2516, 2516-A, 2516-AS, 2516-B, 2516-B2, 2516-E, 2516-J, and 2517-B (the "Accused Devices") all infringe upon Claim 1, Claim 4, and Claim 7 of the '614 Patent. (Compl. ¶ 32). And then the Complaint states that the Accused Devices are directly infringing upon Claim 1 because they "at the very least include:"

> a trailer anti-theft locking apparatus comprising of a) a ball for insertion into the socket of the trailer hitch, the ball having a base plate attached thereto, the base plate having a tang projecting therefrom whereby the tang has a lock engaging surface thereon; b) a housing with an open end to receive said trailer hitch and said base plate, the housing having a hole in an opposite end to receive said tang, the hole opening into a tubular extension extending a selected distance from said opposite end; and c) a lock to be received into said tubular extension, having key operated means to releasably engage and secure said lock engaging surface, covered by Claim 1 of the '614 Patent." (Compl. ¶ 33.)

This is simply a reproduction, verbatim, of Claim 1. Thus, all that Plaintiff did was to reproduce Claim 1 and say that the Accused Devices infringe it. No effort is made to describe, explain, or notify Defendant how each of the Accused Devices practices each element of claim 1. No facts are alleged to show, demonstrate, or even explain how the operation and/or function of the Accused Devices practices the patent claim. No causal connection is made at all between the Accused Devices and the patent claim other than by rote reproduction of the claim and blanket conclusion that the Accused Devices infringe.

Moreover, nowhere does Plaintiff "sufficiently tie any specific operation to a patent claim." *See Global Tech*. Plaintiff "simply recites some of the elements of a representative claim … without specifically tying the operation to any asserted claim or addressing all of the claim requirements." *See Blue Water, supra*.

Plaintiff repeats this same pattern for each of the other claims it asserts were infringed. It simply reproduces each claim, verbatim, and says that the Accused Products infringe it. Plaintiffs' Complaint, "as currently pleaded, does not give Defendants fair notice—or any notice at all—as to patent infringement claims based on claims [1, 4 and 7] of the Patent, and this is woefully insufficient to 'raise a right to relief above the speculative level.'" *Thermolife, supra* (citing *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555).

Additionally, the Complaint groups all of the many models of the Accused Devices together as a unit, and does not describe or explain how each such model infringes. Consequently, it is not possible for Defendant to determine or infer the basis for Plaintiff's claim of infringement as to each such product model.

As for induced infringement, a plaintiff must affirmatively plead "facts plausibly showing that [Defendants] specifically intended their customers to infringe the [patent] and knew that the customer's acts constituted infringement." *Brandywine Communications Technologies, LLC v. Casio Computer Co. Ltd.,* 912 F. Supp. 2d 1338, 1343 (M.D. Fla. 2012)(citations omitted). The Complaint is devoid of such facts. It merely states a *conclusion*, *without facts*, that "[d]efendants have willfully and knowingly infringed the '614 Patent by advising and counseling their customers regarding the use and sale of infringing products." (Compl. ¶ 46.). Count II is clearly insufficient under *Twobly/Iqbal* as interpreted by *Brandywine*.

### C.     Plaintiff's Claim for Injunctive Relief Should be Stricken Because the Patent has Expired.

Federal Rule of Civil Procedure 12(f) provides that upon motion "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action.... There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6)." *Alabama v. United States Army Corps of Engineers,* 424 F.3d 1117, 1127 (11th Cir. 2005) (citing *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1097 (11th Cir. 2004)); *Fastway Moving & Storage, Inc. v. Ugarte,* No. 13-60832, 2013 WL 3927687, at *2 (S.D. Fla. Jul. 29, 2013). "An injunction is a 'remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed—if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise.'" *Alabama*, 424 F.3d at 1127 (quoting *Klay,* 376 F.3d at 1098).

If the patent holder is seeking an injunction under 35 U.S.C. § 283, "to prevent the violation of any right secured by patent," the patent must still be in effect in order for the court to grant relief because upon the expiration of the patent, the right to exclude others from practicing the claimed invention also expires. *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994); *see also Sears, Roebuck & Co. v. Stiffel, Co.*, 376 U.S. 225, 230, 84 S.Ct. 784 (1964); *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir.2001) ("The District Court cannot enjoin the Computer Companies from infringing an expired patent.").

Plaintiff's '614 Patent expired on November 3, 2019.  Any protection for its trailer hitch to which it claims it was entitled has now ended. It is not entitled to an injunction.  *See* cases cited *supra*.  Plaintiff's claim for injunctive relief should therefore be stricken under Rule 12(f).

## IV.    CONCLUSION

For all the reasons stated herein, Plaintiff's Complaint should be dismissed and its request for injunctive relief should be stricken.

Respectfully submitted,

By:<u>*/s/ E. Adriana Kostencki*</u>
Matthew S. Nelles
Florida Bar No. 009245
mnelles@nklawflorida.com
E. Adriana Kostencki
Florida Bar No. 84507
akostencki@nklawflorida.com
NELLES KOSTENCKI PLLC
Corporate Center
110 E. Broward Blvd, Suite 670
Fort Lauderdale, FL  33301
Telephone: (954) 246-4800
Facsimile: (954) 246-4900
*Attorneys for Defendants Proven Industries, Inc. and Ronald James Lee II*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th of December, 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record on the below service list.

By: */s/ E. Adriana Kostencki*
E. Adriana Kostencki

**SERVICE LIST**

John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Meredith Frank Mendez
Florida Bar No. 502,235
mmendez@malloylaw.com
Jonathan R. Woodard (Trial Counsel)
Florida Bar No. 96,553
jwoodard@malloylaw.com
MALLOY & MALLOY, P.L.
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone: (305) 858-8000
Facsimile: (305) 858-0008
*Local Counsel for Plaintiff*
*GusHill Industries, Inc.*

And

Kevin Viau, CA Bar No. 275556
kviau@iplg.com
Leila Sockolov, CA Bar No. 282946
lsockolov@iplg.com
Intellectual Property Law Group LLP
1871 The Alameda, Suite 250
San Jose, California 95126
Telephone: (408) 286-8933
Facsimile: (408) 286-8932
*\*Pro Hac Vice pending*
*Lead Counsel for Plaintiff*
*GusHill Industries, Inc.*