UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:19-cv-02770-SDM-AEP

GUSHILL INDUSTRIES, INC.,
a California Corporation

               Plaintiff,

vs.

PROVEN INDUSTRIES, INC.,
a Florida Corporation, RONALD JAMES
LEE II, an individual, and DOES 1-20,

               Defendants.      /
_____

## DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendants, Proven Industries, Inc. ("Proven Locks") and Ronald James Lee II, hereby respectfully move to dismiss Plaintiff, GusHill Industries, Inc.'s First Amended Complaint [D.E. 15] ("Amended Complaint") for failure to state a claim under Fed. R. of Civ. P. 12(b)(6) and in support thereof state:

## I.  INTRODUCTION AND SUMMARY OF MOTION

Plaintiff's Amended Complaint seeks damages based on certain alleged conduct that it purports infringed upon an expired patent.  For reasons unknown, and despite its opportunity to cure a defect from its Complaint, Plaintiff has made the case personal, seeking to hold Proven's corporate director, Mr. Lee, individually liable, without any substantiated basis.  However, as discussed in detail below, and as with the first version of its complaint, Plaintiff fails to state a claim upon which relief may be granted.  Specifically, the allegations of patent infringement are not properly pled in accordance with the *Twombly*/*Iqbal* standard and Florida district court legal

authority and are insufficient under Federal Circuit authority to plead personal liability against Mr. Lee.  The Court should accordingly dismiss the Amended Complaint.

## II.    FACTUAL ALLEGATIONS

The following allegations are made in the Amended Complaint and, for purposes of this Motion only, are taken to be true: Proven Locks manufactures, markets, distributes and sells trailer hitch locks. (Compl. ¶ 28). Mr. Lee is its president and director. (Compl. ¶ 41).  Plaintiff is a corporation supposedly engaged in the manufacture, sale, and marketing of trailer hitch locks in the United States. (Compl. ¶ 25).

The patent in question is U.S. Patent No. 6,244,614 (the "'614 Patent"), titled "Trailer Hitch Lock," consisting of 9 Claims. (Compl. ¶ 17). The '614 Patent issued on June 12, 2001. (Compl. ¶ 17).  The term of the '614 Patent expired on November 3, 2019. (Compl. ¶ 17).

The Amended Complaint alleges two claims against both Defendants: (i) direct infringement of the '614 Patent based on Proven Lock's manufacture and sale of its products (Compl. ¶ 35); and (ii) inducement of infringement of the '614 Patent based on Proven Lock's distributors' and retailers' sale and distribution of its products that supposedly infringe the '614 Patent. (Compl. ¶ 53).

Plaintiff also claims, in conclusory fashion without any supporting facts, that Mr. Lee directly and indirectly induced others to infringe upon the '614 Patent and should be held personally liable. (Compl. ¶¶ 50;53; 55-59).

## III.    LEGAL ARGUMENT

A pleading stating a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As most district courts have

interpreted it, the "existing pleading standards" are those set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See also Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012); *Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008).

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. It also requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* at 678 (citations omitted).

### A.      Plaintiff Fails to State a Claim under Count I for Direct Patent Infringement Against Mr. Lee, Individually.

"A corporation is a legal entity existing separate and distinct from its shareholders, officers and directors, who as a general rule are not liable for the corporation's debts and obligations." *FMC Fin. Corp. v. Murphee*, 632 F.2d 413, 421 (5th Cir. 1980) *see also Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1074 (11th Cir. 2003) (recognizing that corporations are separate legal entities under Florida law). *"When a plaintiff seeks to impose personal liability for patent infringement on an officer of a corporation, a district court must start from the general rule that the corporate entity should be recognized and upheld unless specific, unusual circumstances call for an exception." Blue Water Innovations, LLC v. Fettig,* 2019 WL 1904589 at *6 (S.D. Fla. March 8, 2019) (citing *Exigent Tech., Inc. v. Radiant Telecom, Inc.*, 2005 WL 8154987, at *2 (S.D. Fla.

Dec. 5, 2005*)); Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F. 2d 544, 552 (Fed. Cir. 1990); *Wordtech Sys., Inc. v. Integrated Network Sols.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010).

Under specific circumstances, "a court may disregard the corporate entity if it determines that piercing the veil will prevent fraud, illegality, injustice, a contravention of public policy, or prevent the corporation from shielding someone from criminal liability." *See Blue Water Innovations, LLC. supra; Al-Site Corp. v. VSI Int'l, Inc.,* 174 F.3d 1308, 1331 (Fed. Cir. 1999) (stating, in patent infringement case, "[t]he corporate entity deserves respect and legal recognition unless specific, unusual circumstances justify disregarding the corporate structure."); *Mayo Clinic Jacksonville v. Alzheimer's Institute of America, Inc.,* 683 F. Supp. 2d 1292, 1299-1300 (M.D. Fla. 2009) ("Personal liability for direct [patent] infringement may exist for a corporate officer if the facts warrant disregarding the corporate form, or 'piercing the corporate veil.'").

"Unusual circumstances" generally only exist, for purposes of piercing the corporate veil, when the corporation was merely the alter ego of its officers. *Manville* 917 F.2d at 552; *Al-Site Corp.* 174 F. 3d at 1331*; Blue Water Innovations, LLC,* 2019 WL 1904589 at *6. But where a corporate officer's alleged wrongful conduct is done at the direction of the corporation, and part of the corporation's legitimate business, the officer is protected from personal liability. *See Mayo Clinic Jacksonville,* 683 F. Supp. 2d at 1300 (stating that officer of corporation is only personally liable where "personal wrongdoing is not supported by legitimate corporate activity", quoting *Hoover Group, Inc. v. Custom Metalcraft, Inc.,* 84 F.3d 1408, 1411 (Fed.Cir.1996) (noting the distinction between torts committed in the course of an officer's employment and other culpable wrongful acts).

Further, courts examining whether to pierce the corporate veil, including in patent infringement cases, look to several factors, such as "failure to observe corporate formalities,

nonpayment of dividends, nonfunctioning of other officers or directors, absence of corporate records, and fact that corporation is merely a facade for operations of dominant stockholder." *United States v. JBA Motorcars, Inc.,* 839 F. Supp. 1572, 1577 (S.D. Fla. 1993).

The allegations against Mr. Lee, almost all asserted merely "upon information and belief," are that he: a) is and has been an officer, director, principal, shareholder and employee of Proven Industries (¶ 6); b) controls, operates, and is responsible for the day-to-day operations of Proven Industries (¶ 7); c) stands to directly benefit from his own, as well as Proven Industries' infringing activites. (¶ 8); d) is the "energy and mastermind" behind Proven Industries' infringing activities (¶ 14); e) has knowledge that Plaintiff has asserted patent infringement claims against products he was responsible for designing (¶ 15); and f) is responsible for Proven Industries' sales. (¶ 16). These are conclusory allegations, asserted mostly upon information and belief, without a hint of factual support.  Moreover, they fall far short of alleging any "specific, unusual circumstances" required to pierce the corporate veil in a patent infringement case.  *See Blue Water, supra; Manville Sales Corp., supra.*

Indeed, nowhere does Plaintiff assert that piercing the veil will prevent fraud, illegality, injustice, a contravention of public policy, or prevent the corporation from shielding someone from criminal liability." *See id.*  Nowhere does Plaintiff allege that Mr. Lee was acting "outside the legitimate corporate activity." *See Mayo, supra.*  Nor does Plaintiff claim that Mr. Lee's activities were outside the direction of the corporation and part of the corporation's legitimate business. *See id.*

Additionally, Plaintiff has not asserted that Proven Industries failed to observe corporate formalities, failed to pay dividends, has nonfunctioning officers or directors, has no corporate records, or is merely a facade for operations of a dominant stockholder. *See JBA Motorcars, supra.*

In sum, there are no "facts [alleged that] warrant disregarding the corporate form or piercing the corporate veil" in this patent infringement case. *See Mayo, supra*. Thus, Mr. Lee should be dismissed from this case.

We note that it appears, based on its substantial efforts to keep Mr. Lee in this case after Defendants filed their first Motion to Dismiss [D.E. 13], Plaintiff has an axe to grind with Mr. Lee, personally. But Plaintiff's temperament, particularly when it comes to disregarding the corporate structure and going after corporate officers individually, cannot substitute for good faith factual allegations and specificity. Unaware of and unable to set forth facts justifying its inclusion of Mr. Lee in this case, Plaintiff should not be able to maintain this case against him individually.

### B. Plaintiff Fails to State a Claim Under Count II for Indirect Infringement Against Mr. Lee, Individually.

Unless it can be established that a corporate officer actively aided and abetted the corporation's infringement of a patent, he cannot be personally liable for indirect or inducing infringement. *Orthokinetics, lnc. v. Safety Travel Chairs, Inc*., 806 F.2d 1565 (Fed. Cir. 1986).

To establish a claim for inducing infringement, a patentee must show that: (1) there has been direct infringement; (2) the alleged infringer knowingly induced infringement; and (3) the alleged infringer possessed specific intent to encourage another's infringement. *Brandywine Communications Technologies, LLC v. Cellco Partnership*, 2012 WL 12903099 *8 (M.D. Fla. Nov. 5, 2012) (holding that Plaintiff's conclusory allegations that defendant "actively and knowingly" induced infringement were inadequate to support the element requiring intent and active inducement).

Here, there are no allegations in the Amended Complaint that Mr. Lee aided and abetted anyone to infringe the '614 Patent. Indeed, with respect to its alleged indirect/inducing infringing

claim, Count II, Plaintiff merely asserts that Mr. Lee : a) instructed, promoted, and advertised the infringing use of the Accused Devices on Proven Industries' website and other media sites;  b) helped Proven Industries make and/or manufacture  the Accused Devices; and c) controlled the manufacture of the Devices. But this is alleging nothing more than that Mr. Lee was employed by, and performed routine duties as an employee or Proven Industries.  (Compl. ¶¶ 54-57).  These are not allegations describing any activities by Mr. Lee that aided, abetted, or induced another to infringe the patent.  If all that were needed to allege indirect/inducing infringement  was to describe an employee's duties at the corporation, which is all that Plaintiff did here, then every plaintiff could easily "end run" a failed direct infringement claim without ever setting forth facts demonstrating actual inducement.

Clearly, when it comes to holding corporate officers liable for inducing infringement, something more must be required other than that the corporate officer performed duties as an employee of a corporation that sells allegedly infringing products. Count II against Mr. Lee should also be dismissed.

### C.  The Amended Complaint Fails to Properly Allege Patent Infringement Because it Merely Regurgitates Claim Elements and Omits a Causal Link Between Claim and Accused Product.

In order to state a claim for patent infringement, "the allegedly infringing product must practice all elements of a patent claim." *Blue Water Innovations, LLC v. Fettig,* No. 18-60671, 2019 WL 1904589, *2 (S.D. Fla. Mar. 8, 2019) (citing *Raptor, LLC v. Odebrecht Constr.*, No. 17-21509, 2017 WL 3503399 at *3 (S.D. Fla. June 22, 2017)). Thus, to satisfy even the minimum pleading requirements set forth by the U.S. Supreme Court, the patent owner must plead facts sufficient to permit the Court to infer that "every limitation set forth in a patent claim must be

found in an accused product or process exactly or by a substantial equivalent." *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 648 F.Supp.2d 1294 (M.D. Fla. 2009)(citations omitted).

Since Form 18 of the Federal Rule of Civil Procedure was abrogated on December 1, 2015, courts have held that the *Iqbal/Twombly* pleading standard applies to patent infringement claims. *See e.g. Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, No. 0:16-CV-60693-UU, 2016 WL 6678525, at *2 (S.D. Fla. June 8, 2016) ("In light of the recent abrogation of Form 18 of the Federal Rules of Civil Procedure, a complaint alleging patent infringement must comply with *Iqbal* and *Twombly* to state a claim under Rule 12(b)(6).") (citation omitted); *Global Tech LED, LLC v. Every Watt Matters, LLC*, No. 15-CV-61933, 2016 WL 6682015, at *2 (S.D. Fla. May 19, 2016) ("However, certain amendments to the Federal Rules of Civil Procedure abrogating Form 18 took effect on December 1, 2015, and direct infringement claims 'are now subject to the pleading standards established by *Twombly* and *Iqbal*.'") (citation omitted).

In *Thermolife Int'l*, the court granted the defendants' motion to dismiss a direct patent infringement claim where the plaintiff alleged that the defendants "'have directly infringed and continue to directly infringe ... one or more claims of the '077 Patent' while, nevertheless, only attaching to the Complaint an infringement chart detailing why claim 1 of the Patent was infringed." *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, 2016 WL 6678525, at *2 (emphasis in original). The court found that "Plaintiffs' Complaint, as currently pleaded, does not give Defendants fair notice—or any notice at all—as to patent infringement claims based on claims 2 or 3 of the Patent, and this is woefully insufficient to 'raise a right to relief above the speculative level.'" *Id*. (citing *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555).

In *Global Tech LED,* the court granted the defendants' motion to dismiss a willful direct infringement claim. Specifically, the plaintiff in that case claimed that the defendants infringed

claims 1-8, 10, 12-20 of the '424 Patent by, at least, making, using, selling, or offering for sale, one or more of the Accused Products. Specifically, "Defendants ... have infringed, literally and under the doctrine of equivalents, claims 1-8, 10, 12-20 of the '424 Patent by using, making, selling, and offering to sell LED lamps, including one or more of the Accused Products, that read on the claims 1-8, 10, 12-20 as set forth in the '424 Patent." *Global Tech LED,* 2016 WL 6682015, at *3. The court found that "[a]lthough Plaintiff's allegations 'generally describe' the Accused Products and refer to the '424 patent claims [], Plaintiff *does not sufficiently tie any specific operation to a patent claim*, relying instead on the 'bare assertion' that Defendants infringe through the 'making, using, selling, or offering for sale, one or more of the Accused Products.'" *Id*. (emphasis added). Put another way, "[t]he Amended Complaint simply does not plead the elements of any representative claim or specify any claim requirements." *Id*. The court concluded that "[a]t most, Plaintiff has pled facts 'merely consistent with ... defendant[s'] liability,' insufficient to state a claim for willful direct patent infringement under the heightened standard." *Id*. (citations omitted).

Along these same lines, the court in *Blue Water Innovations, LLC v. Fettig, supra*, held:

> **[a]n allegation of direct patent infringement is insufficient** under *Twombly* and *Iqbal* **if it simply recites some of the elements of a representative claim and then describes generally how an accused product operates**, without specifically tying the operation to any asserted claim or addressing all of the claim requirements.

Id. at *2 (emphasis added).

The Complaint in this case plainly runs afoul of the *Twombly/Iqbal* standard as explained in *Global Tech* and *Blue Water*.   Specifically, Plaintiff merely recites each claim, *verbatim*, and states that the accused devices infringe.  For example, the Complaint alleges that Proven Lock's models 2178, 2178-A, 2128-B, 2178-E, 2178-U, 2516, 2516-A, 2516-AS, 2516-B, 2516-B2,

2516-E, 2516-J, and 2517-B (the "Accused Devices") all infringe upon Claim 1, Claim 4, and Claim 7 of the '614 Patent. (Compl. ¶ 35). And then the Complaint states that the Accused Devices are directly infringing upon Claim 1 because they "at the very least include:"

> a trailer anti-theft locking apparatus comprising of a) a ball for insertion into the socket of the trailer hitch, the ball having a base plate attached thereto, the base plate having a tang projecting therefrom whereby the tang has a lock engaging surface thereon; b) a housing with an open end to receive said trailer hitch and said base plate, the housing having a hole in an opposite end to receive said tang, the hole opening into a tubular extension extending a selected distance from said opposite end; and c) a lock to be received into said tubular extension, having key operated means to releasably engage and secure said lock engaging surface, covered by Claim 1 of the '614 Patent." (Compl. ¶ 38.)

This is simply a reproduction, verbatim, of Claim 1. Thus, all that Plaintiff did was to reproduce Claim 1 and say that the Accused Devices infringe it. No effort is made to describe, explain, or notify Defendant how each of the Accused Devices practices each element of claim 1.[1]

We acknowledge that upon filing of the Amended Complaint, Plaintiff attached as Exhibit "D" a claim chart showing its position as to why Claim 1, Claim 4, and Claim 7 of the '614 Patent was allegedly infringed by Model 2178-B. (Compl. ¶ 36.) But Plaintiff alleges infringement of a total of 13 Accused Devices, only one of which is Model 2178-B. As to the other 12 Devices, no facts are alleged to show, demonstrate, or even explain how their operation and/or function practices any patent claim. No causal connection is made at all between those other Accused Devices and the patent claims other than by rote reproduction of the claim and blanket conclusion that those Accused Devices infringe.

Moreover, nowhere with respect to the remaining 12 Accused Devices does Plaintiff "sufficiently tie any specific operation to a patent claim." *See Global Tech.* Plaintiff "simply

---

[1] Plaintiff attached as Exhibit "D" to the Amended Complaint a "claim chart" detailing why claim 1, Claim 4, and Claim 7 of the Patent was allegedly infringed by Model 2178-B only (Compl. ¶ 36.) but does not describe or explain how each of the other Accused Devices infringe the '614 Patent.

recites some of the elements of a representative claim … without specifically tying the operation to any asserted claim or addressing all of the claim requirements." *See Blue Water, supra*.

Plaintiff repeats this same pattern for each of the other claims it asserts were infringed. It simply reproduces each claim, verbatim, and says that the Accused Devices infringe it. Plaintiffs' Complaint, as to all Accused Devices other than Model 2178-B, "as currently pleaded, does not give Defendants fair notice—or any notice at all—as to patent infringement claims based on claims [1, 4 and 7] of the Patent, and this is woefully insufficient to 'raise a right to relief above the speculative level.'" *Thermolife, supra* (citing *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555).

As for induced infringement, a plaintiff must affirmatively plead "facts plausibly showing that [Defendants] specifically intended their customers to infringe the [patent] and knew that the customer's acts constituted infringement." *Brandywine Communications Technologies, LLC v. Casio Computer Co. Ltd.,* 912 F. Supp. 2d 1338, 1343 (M.D. Fla. 2012) (citations omitted). The Complaint is devoid of such facts. It merely states a *conclusion*, *without facts*, that "[d]efendants willfully and knowingly infringed the '614 Patent by advising and counseling their customers regarding the use and sale of infringing products." (Compl. ¶61.). The Amended Complaint is clearly insufficient under *Twobly/Iqbal* as interpreted by *Brandywine*.

WHEREFORE, Defendants, Proven Industries, Inc. and Ronald James Lee II respectfully request that the Court enter an Order dismissing Plaintiff's First Amended Complaint in its entirety, awarding attorney's fees and costs where appropriate, and granting such other and further relief the Court deems just and appropriate.

11

Respectfully submitted,


By:*/s/ E. Adriana Kostencki*
Matthew S. Nelles
Florida Bar No. 009245
mnelles@nklawflorida.com
E. Adriana Kostencki
Florida Bar No. 84507
akostencki@nklawflorida.com
NELLES KOSTENCKI PLLC
Corporate Center
110 E. Broward Blvd, Suite 670
Fort Lauderdale, FL  33301
Telephone: (954) 246-4800
Facsimile: (954) 246-4900
*Attorneys for Defendants Proven Industries,*
*Inc. and Ronald James Lee II*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th of January, 2020, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record on the below service list.

By: */s/ E. Adriana Kostencki*
E. Adriana Kostencki

## SERVICE LIST

John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Meredith Frank Mendez
Florida Bar No. 502,235
mmendez@malloylaw.com
Jonathan R. Woodard (Trial Counsel)
Florida Bar No. 96,553
jwoodard@malloylaw.com
MALLOY & MALLOY, P.L.
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone: (305) 858-8000
Facsimile: (305) 858-0008
*Local Counsel for Plaintiff*
*GusHill Industries, Inc.*

And

Kevin Viau, CA Bar No. 275556
kviau@iplg.com
Leila Sockolov, CA Bar No. 282946
lsockolov@iplg.com
Intellectual Property Law Group LLP
1871 The Alameda, Suite 250
San Jose, California 95126
Telephone: (408) 286-8933
Facsimile: (408) 286-8932
*\*Pro Hac Vice pending*
*Lead Counsel for Plaintiff*
*GusHill Industries, Inc.*